**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SARAH YVONNE BROOME,** | § | |
| **Individually and as Next Friend of J.B.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:25-cv-1532-L** |
| | § | |
| **GARLAND INDEPENDENT** | § | |
| **SCHOOL DISTRICT, ROSA** | § | |
| **MENDIOLA, JANET ARELLANO,** | § | |
| **AND JAY LEWIS,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Garland Independent School District ("GISD")'s Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 14) ("Motion"), filed August 18, 2025. After considering the Motion, response, reply, pleadings, and applicable law, and for the reasons set forth herein, the court **grants** the Motion and also **grants** Plaintiff leave to replead.

### I.     Factual Background and Procedural History

This matter arises from the alleged physical assault and verbal harassment of J.B., a disabled GISD student, at the hands of three former GISD employees: his teacher, Jay Lewis ("Lewis"); paraprofessional Rosa Mendiola ("Mendiola"); and paraprofessional Janet Arellano ("Arellano") (collectively, the "Individual Defendants"). Sarah Yvonne Broome ("Plaintiff" or "Broome"), individually and on behalf of J.B., a minor (Broome's son), filed this action against GISD for alleged violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), and against the Individual Defendants, solely in their individual capacities, pursuant to 42 U.S.C. § 1983, for alleged violations of J.B.'s constitutionally protected rights. In

Memorandum Opinion and Order - Page 1

the First Amended Complaint ("Amended Complaint") (Doc. 8), the live pleading, Plaintiff alleges the following facts.[1]

J.B. is a child with documented disabilities of autism and intellectual disability that substantially limit one or more major life activities. Am. Compl. ¶ 9 (Doc. 8). During the 2024-2025 school year, J.B. was enrolled at Webb Middle School, a school operated by GISD. *Id.* ¶ 10. J.B. had an Individualized Education Program ("IEP") and his primary classroom setting was in a special education classroom. *Id.* ¶¶ 11-14.

On February 20, 2025, J.B. asked his teacher, Defendant Lewis, if he could access his Chromebook in the classroom. *Id.* ¶ 15. Lewis was texting on his personal cell phone, became irritated, and denied J.B.'s request. *Id.* ¶¶ 16-17. Despite not being permitted to use the Chromebook, J.B. accessed the Chromebook and sat down at his desk. *Id.* ¶ 18. Upon learning that J.B. was using the Chromebook, Lewis approached J.B. and began verbally harassing him. *Id.* ¶ 19. While Lewis spoke to J.B., Defendant Mendiola approached J.B., "shoved her index finger in J.B.'s face and verbally berated [him]." *Id.* ¶ 20. In response, J.B. attempted to bite Mendiola's index finger, resulting in Mendiola grabbing J.B. from his desk and violently throwing him to the floor. *Id.* ¶¶ 21-22. While J.B. was on the floor, Defendant Arellano restrained J.B.'s legs while Mendiola "forcefully slammed her boot on J.B.'s neck." *Id.* ¶¶ 21-23. While Mendiola "forcefully applied her boot on J.B.'s neck, Lewis slammed his palm to the left side of J.B.'s face and repeatedly smashed the right side of J.B.'s face to the floor." *Id.* ¶ 24. "The incessant pressure that Lewis used in smashing J.B.'s face to the floor caused swelling, bruising and abrasions to J.B.'s face." *Id.* ¶ 25. "The entire time Defendants . . . violently assaulted J.B., they yelled, cussed and

---

[1] The court's recitation of the facts is taken from the Amended Complaint (Doc. 8). At the 12(b)(6) stage, these facts are taken as true and viewed in the light most favorable to Plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

**Memorandum Opinion and Order - Page 2**

incessantly berated J.B." *Id.* ¶ 26. "During the time that J.B. was being physically assaulted and verbally harassed, J.B. did not fight back, nor attempt[] to defend himself against the three adults." *Id.* ¶ 27.

Broome alleges that the Individual Defendants "subjected J.B. to abuse and/or discriminatory treatment solely on the basis of J.B.'s disability." *Id.* ¶ 28. She alleges they acted with "specific animus towards J.B.'s disabilities (i.e. they targeted J.B. because of his disabilities)" and "were all individually and collectively frustrated with J.B.'s inability to communicate and respond to the instructions provided in the classroom [and their] collective frustrations manifested themselves in the conduct" described in the Amended Complaint. *Id.*

With respect to GISD, Broome alleges that:

Despite receiving multiple complaints from parents and staff concerning Defendants Mendiola, Arellan[o] and Lewis [sic] ongoing physical mistreatment of disabled students—including the incidents described herein —GISD failed to take corrective action. GISD had no training in place for managing behavioral challenges in disabled students like J.B., and had received prior notice of Defendants Mendiola, Arellan[o] and Lewis's [sic] misconduct. Its refusal to retrain, supervise, or discipline Defendants Mendiola, Arellan[o] and Lewis constituted deliberate indifference and led directly to continued abuse and educational exclusion of J.B.

*Id.* ¶ 32.

Broome also asserts that GISD "knew or should have known of the abusive conduct or risk" and that its officials, including Stephanie Roberts, Director of Special Education; Jill Havard, Assistant Director of Special Education; Robin Balderson, Coordinator, Elementary Resource and Early Childhood; Nichole Smith, Coordinator, Behavior; and Dr. Molly Guerra, Coordinator, Adapted Behavior and Communications "failed to act appropriately, such as failing to investigate, reprimand, or remove" the Individual Defendants. *Id.* ¶ 33.

**Memorandum Opinion and Order - Page 3**

Broome alleges, "There was a policy, custom, or practice of not training staff properly, not supervising them adequately, or failing to discipline them when abuses occurred. GISD had prior complaints or reports about Defendants Mendiola, Arellan[o] and Lewis's [sic] conduct from parents and/or staff." *Id.* ¶ 34. She asserts that GISD "fail[ed] to implement or enforce disciplinary procedures when violations of the rights disabled students like J.B. occur[ed]." *Id.* ¶ 34.

In addition, Broome contends that GISD "failed to train, supervise, or discipline individual Defendant staff appropriately, contributing to the violation of J.B.'s rights"; "acted with deliberate indifference to J.B.'s federally protected rights";  "inflicted harm by reason of its failure to train, supervise or discipline the [I]ndividual Defendants"; and, "[a]s a proximate cause of Defendants' actions and inactions described herein, J.B. has suffered severe emotional distress, physical harm, educational setbacks and was effectively excluded from participation in and/or was denied the benefits of educational services from GISD." *Id.* ¶¶ 36-37.

On June 16, 2025, Broome filed the instant suit. After GISD moved under Rule 12(b)(6) to dismiss Broome's Section 504 disability discrimination claim, the sole claim against it, Broome filed the Amended Complaint. GISD again moves to dismiss under Rule 12(b)(6).[2]

## II.    Rule 12(b)(6) Legal Standard

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177,

---

[2] In its Motion, GISD informs the court that the Individual Defendants "are no longer employed by the District and are being sued in their individual capacity only"; and that GISD and its counsel "do not represent the individual defendants, nor make any claims as to the validity of the Section 1983 claims Plaintiff asserted, as Plaintiff only sues these former employees in their individual capacity under Section 1983 as opposed to their official capacity." Def.'s Mot. 8 n.1.

180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a

**Memorandum Opinion and Order - Page 5**

plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).  Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way:

> A motion to dismiss for failure to state a claim concerns the formal sufficiency of the statement of the claim for relief, not a lawsuit's merits. So when reviewing such a motion, we assume that the facts the complaint alleges are true and view those facts in the light most favorable to the plaintiff. The complaint survives if it contains sufficient factual matter . . . to state a claim to relief that is plausible on its face.

*Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020) (citations and quotation marks omitted). Accordingly, the denial of a 12(b)(6) motion has no bearing as to whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge.

**Memorandum Opinion and Order - Page 6**

### III.   GISD's Motion to Dismiss

Count One of the Amended Complaint, the sole claim against GISD, alleges disability discrimination in violation of Section 504 of the Rehabilitation Act. Broome alleges that GISD "is a recipient of federal financial assistance and is subject to Section 504"; that J.B. "was denied the benefits of, or subjected to discrimination in, his education solely by reason of his disability"; and that "Defendants, collectively, acted with deliberate indifference to Plaintiff's federally protected rights." Am. Compl. ¶¶ 38-40. GISD moves to dismiss under Rule 12(b)(6) for failure to state a claim. Def.'s Mot. 9.[3]

### A.  Section 504 of the Rehabilitation Act

Section 504 of the Rehabilitation Act and the Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), both prohibit discrimination against qualified individuals with disabilities; they employ many of the same legal standards and offer the same remedies. *See Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010).[4] While Section 504 applies to federally funded programs and activities, Title II of the ADA only applies to public entities. *Id.* "The only material difference between the two provisions lies in their respective causation requirements." *Bennett-Nelson v. Louisiana Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005) (citation omitted).

---

[3] Citations to the parties' briefs refer to the CM/ECF page numbers at the top of the page, rather than the parties' pagination at the bottom.

[4] "Both the ADA and § 504 generally prohibit discrimination against persons with disabilities." *T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 416 (5th Cir. 2021) (citation omitted). Although Broome does not bring a claim under the ADA, "[c]laims brought under § 504 or the ADA, or both, are subject to the same analysis." *Id.* "The only material difference between the two provisions lies in their respective causation requirements." *Id.* at 416-417. "Cases concerning either section apply to both." *Id.* (quoting *Doe v. Columbia-Brazoria Indep. Sch. Dist. by & through Bd. of Tr.*, 855 F.3d 681, 690 (5th Cir. 2017)). Thus, the court applies "jurisprudence interpreting either section" to Broome's Section 504 claims. *See Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000); *D.A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450, 453 (5th Cir. 2010) (evaluating the plaintiff's claims under section 504 and the ADA together because the Fifth Circuit "equated liability standards" under the two statutes).

Section 504 prohibits discrimination "solely by reason of" a person's disability, whereas Title II of the ADA provides that "discrimination need not be the sole reason" for the adverse action or exclusion but rather "a motivating factor." *Pinkerton v. Spellings*, 529 F.3d 513, 516-19 (5th Cir. 2008). Both the ADA and Section 504 require a plaintiff to establish that: (1) she is a qualified individual with a disability within the meaning of Section 504 or the ADA; (2) she was excluded from participation in, or was denied benefits of, services, programs, or activities for which the school district is responsible; (3) her exclusion, denial of benefits, or discrimination was by reason of her disability; and (4) the exclusion, denial of benefits, or discrimination was intentional. *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004).

### B.  The Parties' Contentions

GISD maintains that the Amended Complaint "provides only 'threadbare recitals' of supposed discrimination." Def.'s Mot. 13 (quoting *Iqbal*, 556 U.S. at 678). More specifically, GISD contends that the Amended Complaint fails to plausibly allege that (1) "J.B. was excluded from participation in, or being denied benefits of, services, programs, or activities for which [G]ISD is responsible, or was otherwise discriminated against by the District"; (2) the "alleged actions of the teacher and paraprofessionals on February 20, 2025, occurred solely by reason of J.B.'s disability"; (3) the Amended Complaint "fails to allege a plausible claim under Section 504 for failure to train, supervise, or discipline." *Id.* at 14, 16, 21. In addition, even if Broome has alleged a plausible Section 504 claim, GISD moves to dismiss any individual claims brought by Broome and any claim for mental and emotional distress damages, contending that such relief is not available under Section 504. *Id.* at 10, 31-32.

In response, Broome contends that "Defendant's Motion to Dismiss seeks to obscure the well-pleaded allegations of deliberate indifference and discrimination on the basis of disability,

Memorandum Opinion and Order - Page 8

improperly requesting the Court to resolve factual disputes at the pleading stage." Pl.'s Resp. 2 (Doc. 16). She maintains that "[c]ontrary to GISD's assertions, Plaintiff has stated plausible claims for relief under Section 504 of the Rehabilitation Act based on: direct discrimination 'by reason of' J.B.'s disability, deliberate indifference through failure to train, supervise, or discipline, and damages resulting from emotional distress, which remain unresolved in contexts involving physical abuse." *Id.* In addition, although Broome filed the pleadings "Individually and as Next Friend of J.B.," she clarifies in her response brief that "[a]ll claims are grounded in J.B.'s rights and injuries, not personal injuries to the parent." *Id.* at 6.

### C. Discussion

The parties do not dispute that, in light of a recent Supreme Court decision, the deliberate indifference standard applies to disability discrimination claims under Section 504 of the Rehabilitation Act. *See A. J. T. by & through A. T. v. Osseo Area Schs., Indep. Sch. Dist. No. 279*, 605 U.S. 335, 345 (2025).[5] Accordingly, the court will apply the deliberate indifference standard in deciding GISD's Motion.

Additionally, the parties do not dispute that J.B. is a qualified individual with a disability within the meaning of Section 504. The parties, however, dispute whether Broome has alleged sufficient facts to state a plausible claim regarding the remaining elements of a Section 504 claim.

---

[5] In *A.J. T. by & through A. T. v. Osseo Area Schools, Independent School District No. 279*, the Supreme Court resolved the disagreement among the Courts of Appeals, and rejected the requirement in some circuits that schoolchildren bringing ADA and Rehabilitation Act claims relating to their education must make a heightened showing of "bad faith or gross misjudgment." 605 U.S. 335, 344-345 (2025). The Court held "that ADA and Rehabilitation Act claims based on educational services should be subject to the same standards that apply in other disability discrimination contexts." *Id.* at 345. Thus, the appropriate standard for Section 504 claims is deliberate indifference. *Id.* A plaintiff need not prove that the defendant had personal ill will or animosity toward the disabled person but must show that the defendant disregarded a strong likelihood that the challenged action would result in a violation of federally protected rights. *Id.*

**Memorandum Opinion and Order - Page 9**

Prior to addressing these arguments, the court notes that Broome makes additional factual allegations for the first time in her response to GISD's Motion, including that that J.B. was denied benefits or excluded from participation solely by reason of his disability because "Defendants' conduct toward J.B.—including extreme, unwarranted restraint and verbal abuse—was not directed at similarly situated non-disabled students" and that such differential treatment suffices to state a claim. *See* Pl.'s Resp. 4. Factual allegations presented for the first time in response to a motion, however, are generally not properly before the court. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *see also Middaugh v. InterBank*, 528 F. Supp. 3d 509, 535 (N.D. Tex. 2021) (Hendrix, J.). The court will, therefore, limit its consideration to the facts alleged in the Amended Complaint and will not consider allegations of differential treatment.

### 1. Exclusion from participation in, or denial of benefits of, services, programs, or activities for which GISD is responsible

In support of its Motion, GISD points to the absence in the Amended Complaint of any allegations that J.B. was excluded from participation in, or denied the benefits of, services, programs, or activities at GISD. Def.'s Mot. 14. In response, Broome argues that "exclusion under Section 504 may occur when a student is subjected to disability-based abuse that deprives him of meaningful access to educational service." Pl.'s Resp. 5. For the reasons that follow, the court determines that Broome fails to adequately allege that J.B. was excluded from participation in, or denied the benefits of, services, programs, or activities at GISD.

In the Amended Complaint, Broome alleges that, as a result of the alleged incident, J.B. was deprived "of access to the educational opportunities which were required to be afforded for him, including, but not limited to learning the required GISD special education curriculum and all life skills for which J.B. was required to be educated on." Am. Compl. ¶ 30. She also alleges that

"[b]y reason of the actions of all Defendants, J.B. was deprived of all benefits of the GISD special education program." *Id.*

Here, other than these conclusory statements, Broome alleges no facts showing how the alleged February 20, 2025 incident of abuse excluded J.B. from his educational programming or services. Broome fails to allege facts that connect this single incident to a loss of educational programming or to allege any facts related to changes to J.B.'s educational placement or curriculum as a result of the incident. Simply put, the court agrees with GISD that Broome "ha[s] not alleged enough to show that J.B. was excluded from participation in, or denied benefits of, services, programs, or activities of GISD by this one incident and/or by a need for training, supervision, or discipline of the individual employees based on vague prior complaints." Def.'s Mot. 16. *See Doe v. Columbia-Brazoria Indep. Sch. Dist. by & through Bd. of Trs.*, 855 F.3d 681, 690 (5th Cir. 2017) (affirming district court's dismissal of Section 504 claim at motion-to-dismiss stage, when student failed to sufficiently allege that he was excluded from an educational benefit after a singular incident of sexual assault by a classmate); s*ee also C.M. v. Pemberton Twp. High Sch.*, 2017 WL 384274, at *7 (D.N.J. Jan. 27, 2017) (dismissing a Section 504 claim at the pleading stage when a plaintiff alleged "at most two isolated instances of disability harassment or discrimination" but did not state how this harassment/discrimination denied her equal access to educational opportunities); *Sciacca v. Durham Cnty. Bd. of Educ.*, 509 F. Supp. 3d 505, 524 (M.D.N.C. 2020) (dismissing a claim of disability discrimination under Rule 12(b)(6) when a Complaint, which alleged a singular incident during which a bus driver paid other students to slap the student, did not allege beyond conclusory allegations that this incident deprived the student of educational opportunities).

**Memorandum Opinion and Order - Page 11**

Here, a single incident of alleged abuse, coupled with conclusory statements that J.B. was deprived "of access to the educational opportunities," such as learning the required GISD "special education curriculum and all life skills," *see* Am. Compl. ¶ 30, is insufficient to state a plausible claim under *Twombly* that J.B. was excluded or denied a benefit or access to his special education programming as a result of the alleged incident. As in *Doe*, where the allegations failed to connect the assault with exclusion from any educational benefit, *see Doe*, 855 F.3d at 690, beyond conclusory allegations, Broome fails to allege any connection between the verbal and physical assault on J.B. with the exclusion from participation in, or denial of benefits of, services, programs, or activities for which GISD is responsible.

For these reasons, the court determines that Broome has failed to adequately allege that J.B. was excluded from participation in, or was denied benefits of, services, programs, or activities for which GISD is responsible. *See Melton*, 391 F.3d at 671-72, 676. Accordingly, the court **grants** GISD's Motion on this basis.

### 2. *Alleged actions solely by reason of J.B.'s disability*

GISD contends that Broome "has failed to state a claim of Section 504 discrimination because she does not show that J.B. was mistreated solely because of his disability, and in fact seems to proffer other reasons unrelated to J.B.'s disability." Def.'s Mot. 16. The court agrees.

In the Amended Complaint, Broome alleges that the Individual Defendants "subjected J.B. to abuse and/or discriminatory treatment solely on the basis of J.B.'s disability." Am. Compl. ¶ 28. She alleges they acted with "specific animus towards J.B.'s disabilities (i.e. they targeted J.B. because of his disabilities)" and "were all individually and collectively frustrated with J.B.'s inability to communicate and respond to the instructions provided in the classroom [and their]

**Memorandum Opinion and Order - Page 12**

collective frustrations manifested themselves in the conduct" described in the Amended Complaint. *Id.*

The court determines that these types of "naked assertion[s] devoid of factual enhancement" cannot meet the standard required by Section 504 that the incident be *solely* because of J.B.'s disability. *See Iqbal*, 556 U.S. at 678. As previously explained, "Section 504 requires that the plaintiff's disability be the 'sole reason' for the exclusion or denial of benefits, [while] the ADA's standard is less stringent." *J.W. v. Paley*, 81 F.4th 440, 449 (5th Cir. 2023) (citing *Bennett-Nelson*, 431 F.3d at 454); *accord Smith v. Harris Cnty., Tex.*, 956 F.3d 311, 317 (5th Cir. 2020) ("In essence, Title II of the ADA extends Section 504 of the Rehabilitation Act such that it applies to all public entities while simultaneously weakening its causation requirement." (citations omitted)).

In *T.O. v. Fort Bend Independent School District*, the Fifth Circuit affirmed the dismissal of the plaintiffs' ADA and Section 504 claims after a teacher grabbed a disabled student by the neck—as he tried to re-enter a classroom—threw him to the floor, and held him in a chokehold for several minutes. 2 F.4th 407, 412-18 (5th Cir. 2021). During the incident, the teacher yelled at the student that he "had hit the wrong one" and "needed to keep his hands to himself." *Id.* at 412. The plaintiffs alleged that the teacher intervened because she was "angered by T.O.'s disabilities and that he was being treated in compliance with his Behavioral Intervention Plan" and that she was "motivated by . . . prejudicial animus to his disabilities." *Id.* at 418 n.44. The Fifth Circuit, however, disagreed, noting that the amended complaint lacked any factual allegations that permit the inference that the defendants' actions were "'by reason of his disability'—an essential element of a discrimination claim" because "the only allegations linking [the teacher's] conduct to T.O.'s disability are conclusional ones that cannot withstand Rule 12(b)(6) scrutiny." *Id.* at 418.

**Memorandum Opinion and Order - Page 13**

Here, like in *T.O.*, Broome alleges in conclusory fashion that GISD employees "took the actions herein with specific animus towards J.B.'s disabilities . . ." and that the employees "were all individually and collectively frustrated with J.B.'s inability to communicate and respond to instructions provided in the classroom." Am. Compl. ¶ 28. These types of allegations are like those in *T.O.*, in which the teacher was "angered by [the students] disabilities" and "motivated by prejudicial animus[.]" 2 F.4th at 41. As in *T.O.*, these skeletal pleadings are insufficient to plausibly allege under Section 504 that the incident was solely because of J.B.'s disability.

Further, case law highlights that when "alternative motivations"—such as discipline—are pleaded in a Section 504 claim, dismissal for failure to state a claim is appropriate. *See, e.g., S.B. on behalf of S.B. v. Jefferson Par. Sch. Bd.*, No. 22-30139, 2023 WL 3723625, at *4 (5th Cir. May 30, 2023), *cert. denied*, 144 S. Ct. 562 (2024) (dismissing Section 504 claims under Rule 12(b)(6), finding that, although the student's "autism was the root of her classroom outburst," "punishing [the student] for her disruptive behavior is not the same as treating her differently due to her disability."); *G.M., a minor, by & through his guardians, Antonio Mauro & Crystal Mauro v. Vir. Beach Sch. Bd.*, 2025 WL 1819269, at *4 (E.D. Va. Feb. 6, 2025) (dismissing claims under Rule 12(b)(6), finding that when plaintiff's petition alleged reasons other than the student's disability as reason for physical discipline, their Section 504 claims could not survive a motion to dismiss, as any discriminatory actions must be based solely based on the student's disability).

Broome alleges that the alleged verbal and physical assault on J.B. ensued after he defied Lewis's instructions and accessed the Chromebook. *See* Am. Compl. ¶ 19. Further, as another motivator for the restraint, the Amended Complaint alleges that J.B. "attempted to bite Defendant, Rosa Mendiola's index finger." *Id.* ¶ 21. On the face of the Amended Complaint, J.B.'s inability to communicate and respond to instructions still does not mean the Individual Defendants' actions

**Memorandum Opinion and Order - Page 14**

were *solely* because of J.B.'s disability. Otherwise stated, the Amended Complaint alleges that there are at least two other motivators for the Individual Defendants' alleged behavior, thereby negating the requirement that the discipline be based "solely" on the student's disability.

For these reasons, the court determines that Broome has failed to adequately allege that J.B. was mistreated solely because of his disability. *See J.W.*, 81 F.4th at 449. Accordingly, the court **grants** GISD's Motion on this basis.

### 3. *Failure to train, supervise, or discipline*

GISD contends that the Amended Complaint fails to allege a plausible claim under Section 504 that it acted with deliberate indifference to any known need for training, supervision, or discipline. Def.'s Mot. 21. In response, Broome contends that she has properly alleged deliberate indifference by GISD because she has alleged that "GISD had a custom or practice of failing to train, supervise, or discipline staff despite notice of misconduct," that there are "systemic failures of GISD in training and supervising staff assigned to work with disabled students," that "GISD placed unqualified or untrained individuals in classrooms with vulnerable students without adequate supervision," and that "the fact that the abuse occurred during instructional time in a special education classroom implicates institutional failures." Pl.'s Resp. 5-6. The court agrees with GISD, however, that "these conclusory allegations, supported only by the alleged facts from one classroom incident cannot survive a motion to dismiss." Def.'s Reply 7-8 (Doc. 17).

In *T.O.*, the Fifth Circuit stated that, when making a Section 504 claim for failure to train and failure to discipline, there must be "factual allegations that permit the inference that . . . [the District's] failure to train, investigate, or discipline [the teacher], were 'by reason of [the student's] disability'—an essential element of a discrimination claim." *T.O.*, 2 F.4th at 418. Here, the Amended Complaint merely alleges that J.B. is a student with certain disabilities and alleges there

**Memorandum Opinion and Order - Page 15**

have been unidentified prior "complaints" about the Individual Defendants. The Amended Complaint, however, does not allege how GISD failed to provide training, supervision, or discipline to these former employees *because of J.B.'s disability*, as required by Section 504.

On this basis alone, the court agrees with GISD that Broome has failed to adequately allege that it acted with deliberate indifference to any known need for training, supervision, or discipline. Accordingly, the court **grants** GISD's Motion on this basis.[6]

### 4. *Broome's individual claims*

The court now turns to GISD's assertion that Broome has no individual claim under Section 504. *See* Def.'s Br. 10, 31. In response, Broome clarifies that she did not intend to plead an individual cause of action, *see* Pl.'s Resp. 6, nor can she under clear precedent. Section 504 provides remedies for individuals with disabilities who are discriminated against on the basis of their disabilities. Because Broome does not allege that she is disabled or that she has been discriminated against on the basis of a disability, she has not alleged individual claims under Section 504. "A parent does not have standing under the ADA or the Rehabilitation Act to bring an individual claim under either act on the basis of alleged discrimination against her child." *Crow v. Dallas Indep. Sch. Dist.*, 2025 WL 2533108, at *6 (N.D. Tex. Sept. 3, 2025) (Fitzwater, J.)

---

[6] GISD seeks to apply the standard outlined in *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 289-90 (1998). *Gebser* is a non-disability discrimination case that requires an additional pleading that an appropriate person with authority to take corrective action had knowledge of the plaintiff's disability and need for accommodation. *Id.* "Some circuits have applied *Gebser* in the disability discrimination context, but the Fifth Circuit, prior to *A. J. T.*, declined to do so." *Crow v. Dallas Indep. Sch. Dist.*, 2025 WL 2533108, at *5 (N.D. Tex. Sept. 3, 2025) (Fitzwater, J.) (citing *Delano-Pyle v. Victoria Cnty., Tex.*, 302 F.3d 567, 575 (5th Cir. 2002)). In at least one non-precedential opinion, where the parties agreed to apply the deliberate indifference standard, the Fifth Circuit applied the *Gebser* standard. *Id.* (citing *Harrison v. Klein Indep. Sch. Dist.*, 856 F. App'x 480, 484 n.4 (5th Cir. 2021) (per curiam)). The court need not address whether the Amended Complaint satisfies *Gebser's* additional pleading requirement because it concludes that the Amended Complaint does not plausibly plead deliberate indifference.

(citation omitted). Accordingly, to the extent the Amended Complaint alleges any claims on behalf of Broome in her individual capacity, they are dismissed.

### 5. *Plaintiff's Request for Emotional Damages*

Broome makes a demand for "emotional distress and mental anguish," and claims that "J.B. suffered severe emotional distress." Am. Compl. ¶¶ 37, 44. GISD contends that emotional distress damages are not recoverable in private actions to enforce antidiscrimination statutes enacted pursuant to the Spending Clause, including Section 504, and moves to dismiss any emotional distress damages with prejudice.

Given the procedural posture of this case, the court declines to address whether, following the Supreme Court's decision in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212 (2022), emotional distress damages are available for violations of Section 504 of the Rehabilitation Act. The court will consider this purely legal issue at a later juncture, if necessary.

## IV. Amendment of Pleadings

The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states, "[t]he court should freely give leave when justice so requires" is not without limitation. Fed. R. Civ. P. 15(a)(2). The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

**Memorandum Opinion and Order - Page 17**

When a plaintiff has previously amended her pleadings, "[a]t some point, a court must decide that a plaintiff has had a fair opportunity to make [her] case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986); *see also Schiller*, 342 F.3d at 567 (citation omitted).

Plaintiff's situation is markedly different from that of the plaintiffs in *Schiller* and *Jacquez*. In this case, although Plaintiff previously amended her pleadings as a matter of right following GISD's initial Motion to Dismiss (Doc. 5), she has not had an opportunity to amend with the benefit of the court's analysis regarding the noted deficiencies in her pleadings. Further, GISD suffers no legal prejudice because it will have the opportunity to file another dispositive motion to the amended pleading. Additionally, there is no repeated failure on Plaintiff's part to cure deficiencies previously identified by the court. Under these circumstances, justice requires that Plaintiff be allowed another opportunity to plead her son's case consistent with the law as set forth in the court's opinion.

## V. Conclusion

For these reasons, the court **grants** Defendant Garland Independent School District Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 14); however, in keeping with Supreme Court and Fifth Circuit precedent, the court will allow Broome leave to amend. There is no indication that she cannot, or is unwilling to, cure the pleading defects the court has identified. Further, she has expressly moved for leave to amend if the court concludes that GISD's arguments have merit. *See* Pl.'s Resp. 6-7. Accordingly, Broome is permitted to file a second amended complaint no later than **April 21, 2026**. If she fails to cure the pleading deficiencies identified by the court by this date, her claims against GISD are subject to dismissal with prejudice pursuant to

Federal Rule of Civil Procedure 12(b)(6), or without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order.

It is so ordered this 27th day of March, 2026.

Sam A. Lindsay
United States District Judge